UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-02960-BFM                **Date:**  July 2, 2026

**Title:**   *Julio Cesar Arriola-Ticas v. Ernesto Santacruz, et al.*

==================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings:**     **(In Chambers) Order Granting Petition (ECF 1)**

Petitioner Julio Cesar Arriola-Ticas filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 29, 2026. (ECF 1 ("Pet.").) The Petition is fully briefed. (ECF 7 ("Answer"); ECF 9 ("Reply").) For the reasons stated below, the Petition is **granted**.

## I.     Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing Center, within the Central District of California. (Pet. ¶ 1; ECF 1-1 at 10 (ICE Detainee Locator).) He entered the United States in November 2016 without inspection. (Pet. ¶ 3.) When he did so, he was fleeing El Salvador, the country where he was born. Petitioner alleges he was a volunteer with a community program for former gang members, and that because of this work, Salvadorean police linked him to gang activity, detained him several times, and beat him. (Pet. ¶¶ 24-26.) In the summer of 2015, Petitioner alleges he witnessed police officers forcibly abduct a young man who was never seen again. (Pet. ¶ 27.) Petitioner helped the victim's mother file a police report, and as a result, police officers beat him up and told him to "shut up" about what he had witnessed. (Pet. ¶¶ 27-28.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-02960-BFM                    **Date:**  July 2, 2026

**Title:**   *Julio Cesar Arriola-Ticas v. Ernesto Santacruz, et al.*

========================================================================

Petitioner alleges that, in 2016, he was detained for eight months in El Salvador "extrajudicially"—that is, without any criminal charges. (Pet. ¶ 29.) Petitioner alleges he was subjected to severe beatings, tear-gassing, night firehosing, and having a plastic bag placed over his head. (Pet. ¶ 29.) Petitioner's family hired a lawyer and secured his release; upon release, Petitioner required medical stabilization for injuries inflicted to his face, chest, and genitals. (Pet. ¶ 30.) Shortly thereafter, Petitioner fled to the United States. (Pet. ¶ 31.)

Petitioner was detained in immigration custody between November 2016 and April 2017, when he was released on bond. (Pet. ¶ 3.) Petitioner filed a timely asylum application. Five years later, in May 2022, DHS moved to dismiss his removal case as matter of prosecutorial discretion. (Pet. ¶ 4.) The IJ granted the request and dismissed the removal proceedings. (Pet. ¶ 4; ECF 1-1 at 49 (IJ order dismissing proceedings).)

Petitioner is engaged to a U.S. citizen; he and his fiancé have been together since 2018. (ECF 1-1 at 7.) He is an active member of his church community. (Pet. ¶ 53.) Petitioner has no arrests, convictions, or traffic citations in the United States. (Pet. ¶ 49.)

After being in the United States for a decade, on March 4, 2026, Petitioner was arrested, without any sort of warrant or administrative paperwork, while standing in his own driveway. (Pet. ¶ 6.)

Nearly a month and a half later, DHS issued an I-213, explaining that Petitioner was arrested based on a Salvadoran arrest warrant, issued on July 1, 2025, charging Petitioner as being a member of an "aggravated terrorist organization." (Pet. ¶ 41.) Petitioner alleges that this law is a recognized tool used against community workers. (Pet. ¶ 41.) The warrant is not accompanied

Page **2** of **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**    5:26-cv-02960-BFM                    **Date:**  July 2, 2026

**Title:**        *Julio Cesar Arriola-Ticas v. Ernesto Santacruz, et al.*

===================================================================

by a charging document and postdates the last date on which Petitioner lived in El Salvador by almost ten years. (ECF 1-1 at 26-29 (arrest warrant from El Salvador).)

On May 7, 2026, an IJ at the Adelanto immigration court denied Petitioner's request for bond, finding that he had no jurisdiction to grant bond—including that Petitioner was not a member of the bond-eligible class certified in *Maldonado Bautista*, because he was apprehended at the border. (Pet. ¶ 7; ECF 7-1 at 1 (IJ Order denying bond).)

Petitioner then filed this Petition, alleging that his warrantless arrest, his detention under § 1225(b), and due process violations all compel an order releasing him. (Pet. ¶¶ 75-95.) Respondents claim that Petitioner is mandatorily detained under the Lakin Riley Act, and that Petitioner has not adequately stated a due process violation. (Answer at 2-4.)

## II.    Analysis

Petitioner argues that his detention violates the INA, the U.S. Constitution, and the APA. (Pet. ¶¶ 80-92.) The Court concludes he is correct on his statutory argument and thus declines to consider his other arguments. Petitioner was taken into custody, and he was treated as an individual who was mandatorily detained under § 1225(a). He was denied a bond hearing after the IJ concluded that he was not a *Maldonado Bautista* class member. (ECF 1-1 at 18.) The IJ was wrong, however. Class membership under *Maldonado Bautista* is afforded those who entered without inspection. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077-78 (C.D. Cal. 2025). The Notice to Appear in this case alleges removability under INA 212(a)(6)(A)(i)— that is, that Petitioner entered without being admitted or parole (i.e.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-02960-BFM                          **Date:**  July 2, 2026

**Title:**      *Julio Cesar Arriola-Ticas v. Ernesto Santacruz, et al.*

=====================================================================

inspected). Petitioner is thus not excluded from the *Maldonado Bautista* class membership based on his manner of entry.

Now that Petitioner has filed a habeas petition, Respondents present a different ground for detention—that Petitioner is mandatorily detained under the Lakin Riley Act. (Answer at 2.) As an initial matter, that argument is an implicit concession that the agency action was wrong—as the Court understands it, the Lakin Riley Act would require detention for a person who would otherwise be entitled to a bond reconsideration under § 1226(a).

Respondents don't even attempt, moreover, to present a plausible argument that Petitioner fits the statutory definition. The Lakin Riley Act requires mandatory detention of an individual who:

> is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.

8 U.S.C. § 1226(c)(1)(E)(ii). The entirety of Respondents' argument is that Petitioner "was arrested for gang membership [and] thus squarely falls within the parameters" of the Lakin Riley Act. (Answer at 2.) "Gang membership" is not burglary, theft, larceny, shoplifting, or assault, nor does the warrant offer any basis to conclude that Petitioner is charged with an offense that resulted in death or serious bodily injury. On this record, the Lakin Riley Act does not require his detention.

In this Court, Respondents have offered no alternative basis for detention. Nor have they ever taken any of the steps that would be required if Petitioner were to be detained under, for example, § 1226(a). Detention under

Page 4 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-02960-BFM                    **Date:**  July 2, 2026

**Title:**       *Julio Cesar Arriola-Ticas v. Ernesto Santacruz, et al.*

======================================================================

§ 1226(a) should follow issuance of a warrant. *See* 8 U.S.C. § 1226(a) ("*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed) (emphasis added)). But Respondents did not present such a warrant here. (*See* ECF 1-1 at 4 (Petitioner stating that he asked agents whether they had a warrant, and they said, "We can figure it out at the office."); ECF 1-1 at 14-16 (I-213 describing "enforcement action" against Petitioner, with no mention of a warrant).) The lack of a warrant is a stumbling block for any reliance on § 1226(a) here. *See Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under [§] 1226(a) . . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under [§] 1226(a).").

Individuals detained under § 1226(a) are also entitled to a prompt initial custody determination and may immediately seek *re*-determination of such custody decision by an immigration judge. 8 C.F.R. §§ 236.1(c)(8), 287.3(d) (individual detained under § 1226(a) entitled to initial custody determination, with prompt service of a notice of custody determination, and right of review by district director or redetermination by IJ). Respondents have taken none of these steps—not before taking Petitioner into custody or afterwards. They simply took a person who had been residing in the United States for ten years into custody, on a first, and now a second faulty theory, without ever presenting an alternative basis for detention or giving Petitioner an opportunity to seek release. And they do not, *even now*, assert that Petitioner should be afforded a bond hearing.

In this case, the proper remedy is release, not merely a bond hearing. Habeas is, "at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-02960-BFM                **Date:**   July 2, 2026

**Title:**      *Julio Cesar Arriola-Ticas v. Ernesto Santacruz, et al.*

=====================================================================

U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Here, Respondents have never relied on § 1226(a) as a basis for detention and have not complied with the statutory prerequisites for detention under that statute—and again, even now, do not ask for a bond hearing. Petitioner proved his amenability to immigration bond during the five years he complied with the bond conditions imposed between 2017 and 2022, a period that only ended when Petitioner was the beneficiary of a favorable order dismissing his removal proceedings as a matter of prosecutorial discretion.

As many other courts have found, an order of release is within the range of discretionary relief appropriate for such claims. *See, e.g., Valvuena v. Chestnut*, No. 1:26-CV-3889-DC-JDP, 2026 WL 1847366, at *4 (E.D. Cal. June 26, 2026) ("Here, I find that the 'typical remedy' of release is appropriate because the government has not provided a lawful justification for petitioner's detention."); *Carmona Ramirez v. Leyva*, No. 2:26-CV-01219-RFB-EJY, 2026 WL 1893553, at *3 (D. Nev. June 30, 2026) (ordering release, instead of a bond hearing, where petitioner was treated as an individual detained under § 1225; "Overall, the warrant requirement, the initial custody determination, and the full constellation of procedural safeguards embedded into § 1226(a) serve as powerful bulwarks against the arbitrary, erroneous, and unconstitutional deprivation of liberty. And, most importantly, they are mandatory under federal law.") (cleaned up); *Moreno Gomez v. Chestnut*, No. 1:26-CV-2195 DJC AC, 2026 WL 1847362, at *4 (E.D. Cal. June 26, 2026) ("This court has regularly found that when ICE unlawfully detains a noncitizen under 8 U.S.C. § 1225(b)(2), does not assert an alternative lawful basis for petitioner's detention, and does not afford petitioner a bond hearing under 8 U.S.C. § 1226(a)—as is the case here—release is the appropriate remedy to preserve the *status quo ante litem.*") *report and recommendation adopted*, 2026 WL 1865734 (E.D. Cal. June 29, 2026); *C.H. v. Warden of California City Detention Facility*,

Page **6** of **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-02960-BFM                    **Date:**  July 2, 2026

**Title:**     *Julio Cesar Arriola-Ticas v. Ernesto Santacruz, et al.*

=====================================================================

No. 1:26-CV-02896-TLN-CSK, 2026 WL 1846528, at *1 (E.D. Cal. June 26, 2026) ("In light of these procedural deficiencies and blatant disregard for Petitioner's constitutional rights, the proper remedy here is not to allow the Government a second chance to come into conformity with the law—it is to release Petitioner from unlawful custody."); *Cruz v. Bondi*, No. 2:26-CV-01148-MMD-NJK, 2026 WL 1847392, at *3 (D. Nev. June 26, 2026) ("Here, Petitioner has been held in detention for nearly a year on an unlawful basis. The Court therefore finds that release, 'the typical remedy' for 'unlawful executive detention,' is the appropriate remedy here."); *Garcia-Castillo v. Noem*, No. 1:26-cv-0058 DAD AC, 2026 WL 1088807, at *2 (E.D. Cal. Apr. 22, 2026) ("Because respondents do not assert an alternative lawful basis for petitioner's detention, the court finds petitioner's detention violates INA § 236(a) and recommends that the petition be granted in part and petitioner be released."); *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of noncitizen challenging his detention without a bond hearing and collecting cases); *see also Feng v. Lyons*, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (holding that a lengthy delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and finding that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right") (cleaned up); Order, *Lagunas Martinez v. Giles*, No. 5:26-cv-2090-AS, ECF 9 at 5-6 (C.D. Cal. May 8, 2026) (ordering release instead of a bond hearing for an individual entitled to a bond hearing under *Maldonado Bautista*, though doing it on due process grounds). It is the appropriate remedy here, considering the unique circumstances of this case.

To be clear, the Court's order does not prevent immigration authorities from taking steps to detain Petitioner under § 1226(a) or any other applicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-02960-BFM          **Date:**  July 2, 2026

**Title:**     *Julio Cesar Arriola-Ticas v. Ernesto Santacruz, et al.*

==================================================================

provision of law; it simply finds that Respondents have not offered a proper ground for Petitioner's detention to this Court.

### III.   Conclusion

Accordingly, the Petition (ECF 1) is granted. Petitioner Julio Cesar Arriola-Ticas (A# 209-884-075) is **ordered immediately released on reasonable conditions**. Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody, and shall report any delay in Petitioner's release. Upon receipt of such confirmation, judgment will issue and the Court will close the case.

IT IS SO ORDERED

cc:   Counsel of Record

Initials of Preparer:     ch